FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MECHANICAL MARKETING, INC., a California corporation, | No. 13-16116 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-01844-EJD |
| v. | |
| SIXXON PRECISION MACHINERY CO., LTD., a Taiwan corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted July 8, 2015
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Mechanical Marketing, Inc. (MMI) appeals the district court's grant of

summary judgment in favor of Sixxon Precision Machinery Co. (Sixxon). MMI

argues that the district court erred in holding that there was no genuine issue of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

material fact regarding MMI's claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

"We review the grant of summary judgment de novo." *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). Summary judgment is warranted only when, viewing the evidence in the light most favorable to the adverse party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

MMI alleges that Sixxon breached an oral contract that Arnold Dolgins, a founder of MMI, entered into with Billy Lin, Sixxon's president and CEO, in 2005. According to Mr. Dolgins's declaration and deposition, the terms of this agreement included that "Sixxon would pay MMI a commission on all sales made by any company within the 'Sixxon Global Group' to any customer that [Mr. Dolgins] brought to Sixxon . . . . MMI was to be paid a commission by Sixxon no matter . . . which factory actually filled the order." The district court erred in granting summary judgment on this claim by deciding the terms of the 2005 oral agreement based on the terms of the written 1998 agreement. Viewing the evidence in the

2

light most favorable to MMI, there is a genuine dispute concerning what constitutes the terms of the oral contract and whether Sixxon breached those terms.

Given that there is a material issue of fact concerning the terms of the oral contract between MMI and Sixxon, the district court also erred in granting summary judgment on MMI's claims for fraud and breach of the covenant of good faith and fair dealing.

**REVERSED and REMANDED.**